IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LLOYD BILLITER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-12-0524 |
| CHARTWAY FEDERAL CREDIT UNION § | |
| and KHOURY INVESTMENT GROUP, § | |
| INC. d/b/a Loan Star Motors, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

In evaluating the defendant's pending Motion to Compel Arbitration and Motion to Dismiss ("Motion to Compel and Dismiss") (Docket Entry No. 19) the court concludes that the exercise of supplemental jurisdiction over this action is no longer appropriate and will therefore dismiss the action for lack of subject matter jurisdiction.

**I. Background**

Plaintiff Lloyd Billiter, a resident of Texas, alleges that he purchased a used truck from defendant Khoury Investment Group, Inc., doing business as Loan Star Motors ("Loan Star"), a Texas corporation, in March of 2011.[1] To obtain financing for the

---

[1] Second Amended Complaint, Docket Entry No. 14, ¶¶ 5, 9, and 37.

purchase, Billiter alleges that he executed a security agreement in favor of Chartway Federal Credit Union ("Chartway").[2]

Billiter filed the Second Amended Complaint on June 7, 2012, alleging two counts against Chartway under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and one count against Loan Star under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE § 17.01, et seq.[3] Billiter alleges that the court has original jurisdiction over the TILA claims based on 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331 and supplemental jurisdiction over the DTPA claim based on 28 U.S.C. § 1367.[4]

On July 18, 2012, Loan Star filed the pending Motion to Compel and Dismiss arguing that the dispute between Billiter and Loan Star must be referred to arbitration pursuant to an arbitration agreement entered into by Billiter and Loan Star.[5] Billiter filed a response in opposition on August 18, 2012,[6] and Loan Star filed a reply to the response on September 4, 2012.[7]

On September 28, 2012, following a settlement between Billiter and Chartway, the parties filed a joint motion to dismiss the

---

[2]Second Amended Complaint, Docket Entry No. 14, p. 5, ¶ 27.

[3]Id. at 7-9, ¶¶ 38-45.

[4]Id. at 1, ¶ 3.

[5]Motion to Compel and Dismiss, Docket Entry No. 19.

[6]Plaintiff's Response to Defendant's Motion to Compel Arbitration and Motion to Dismiss, Docket Entry No. 22.

[7]Reply to Response to Defendant's Motion to Compel Arbitration and Motion to Dismiss, Docket Entry No. 28.

claims against Chartway only.[8]  The court granted that motion on October 1, 2012, and dismissed with prejudice the TILA claims against Chartway.[9]

## II.  Subject Matter Jurisdiction

None of the parties have addressed the court's exercise of subject matter jurisdiction in this action.  Nevertheless, the court has a continuing obligation to examine sua sponte the basis for jurisdiction.  See MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  If, however, "the district court has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction" over the remaining state law claims."  28 U.S.C. § 1367(c)(3).  Once this discretion is triggered by § 1367(c)(3) "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"  City of Chicago v. Int'l

---

[8]Joint Motion to Dismiss with Prejudice As to Defendant Chartway Federal Credit Union, Only, Docket Entry No. 29.

[9]Order on Motion to Dismiss with Prejudice, Docket Entry No. 30.

College of Surgeons, 118 S. Ct. 523, 534 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 108 S. Ct. 614, 619 (1988)). In the Fifth Circuit the "general rule" is that district courts should decline to exercise supplemental jurisdiction over state claims when all federal claims have been disposed of. Brim v. ExxonMobil Pipeline Co., 213 Fed. Appx. 303, 305 (5th Cir. 2007); Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir. 1999).

In this case the court dismissed all claims over which it had original jurisdiction when it dismissed the TILA claims against Chartway. All that remains is a single DTPA claim against Loan Star. Pursuant to § 1367(c)(3), the court therefore declines to exercise supplemental jurisdiction over the dispute between Billiter and Loan Star. The court concludes that judicial economy, convenience, fairness, and comity counsel toward dismissal in this case. The live complaint was filed less than six months ago, the original complaint was filed less than nine months ago,[10] and nothing significant has been resolved by the court as between Billiter and Loan Star. Therefore, judicial economy is best served by dismissal. See Parker & Parsley Petroleum Co. v. Dresser Indus., 872 F.2d 580, 587 (finding judicial economy served by dismissal where action had been pending for only nine months and discovery had not been completed). The court further concludes that dismissal will not be unfair or cause any undue inconvenience to

---

[10]Original Complaint, Docket Entry No. 1.

either party. Finally, because the parties to this action are both Texas residents, the dispute centers on a sale made in Texas, and the governing law is the Texas DTPA, the court concludes that comity strongly points toward dismissal so that it may be resolved, if at all, by the Texas state courts.

### III. Conclusion and Order

Because the only federal law claims in this case have been dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law claim against Loan Star. Therefore, for the reasons explained above, this action will be dismissed for lack of subject matter jurisdiction.

**SIGNED** at Houston, Texas, on this 14th day of November, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE